IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMY MARCELLE ALLEN,

    Plaintiff(s),

v.

JAMES B. PEAKE Secretary of the Department
of Veterans' Affairs,

    Defendant(s).

08cv1055
**ELECTRONICALLY FILED**

### ORDER OF COURT RE: PENDING MOTIONS IN LIMINE

Before the Court are numerous motions in limine to exclude evidence, one by plaintiff Amy Marcelle Allen (doc. no. 44) and seven by defendant James B. Peake, Secretary of the Department of Veterans' Affairs (docs. no. 47, 49, 51, 53, 58, 60 and 62). After careful consideration of the motions in limine, the responses thereto, the briefs in support and in opposition, and plaintiff's voluntary withdrawal of "her claim of Race Discrimination," see Plaintiff's Withdrawal of Less Then All Pending Claims (doc. no. 85), ¶ 4, the Court hereby enters the following rulings on all pending motions in limine.

    Plaintiff's Motion in Limine to Exclude Evidence Concerning Allegations of
    Discrimination Made by Plaintiff Against Prior Employers (doc. no. 44)

Plaintiff's motion is GRANTED. Although plaintiff has placed her mental health at issue, the Court finds that the undue prejudice to plaintiff substantially outweighs any probative value for defendant and would tend to confuse the jury. Fed.R.Civ.P. 403. Defendant's expert witness may opine as to her diagnosis and medical opinion, but must avoid testimony regarding employment complaints against prior employers, unless plaintiff somehow opens the door.

Defendant's Motion in Limine to Exclude Claim for Front Pay, Exclude Damages Calculations and Limit Claims for Back Pay (doc. no. 47)

Defendant's motion is GRANTED in part and DENIED in part. Plaintiff's claims for front pay and for back pay prior to May 2007 are properly excluded; however, the Court will permit plaintiff to present her calculations for back pay subsequent to that date.

Defendant's Motion in Limine to Exclude All Evidence of a Previous Whistle Blower Claim and a MSPB Initial Decision (doc. no. 49)

Defendant's motion is GRANTED. The Court agrees that evidence regarding plaintiff's 2004 non Title VII based whistle blower claim and Merit Systems Protection Board litigation is not relevant to this proceeding, which is now limited to plaintiff's claims for retaliation under Title VII (see Plaintiff's Stipulation (doc. no. 85) withdrawing her claims of discrimination on the basis of race).

Defendant's Motion in Limine to Exclude All Evidence Regarding the 2005 Settlement Agreement, Including Its Terms (doc. no. 51)

Defendant's motion is DENIED. The fact of the settlement of plaintiff's prior Title VII complaint resulted in plaintiff's transfer from the transitional unit in which she claimed the discrimination had taken place is relevant and necessary to her claim that defendant retaliated against her in 2007 by transferring her back to that same unit. The Court agrees with plaintiff that the fact that there was a settlement that resulted in plaintiff's transfer from the unit in which she alleges she was subject to race discrimination of the settlement is relevant to her current claim of retaliation/ adverse employment decision. Introduction of such evidence does not violate Fed.R.Civ.P. 408. The parties shall craft and submit an appropriate limiting instruction on or before May 20, 2009.

Defendant's Motion in Limine to Exclude All Opinion Testimony Regarding Patient Abuse and Neglect (doc. no. 53)

Defendant's motion is GRANTED in part and DENIED in part. The events surrounding plaintiff's alleged complaints about *one* patient are relevant and necessary to her claims of retaliation, and she may testify as a fact witness about those events, and in doing so, may render a lay opinion pursuant to Fed.R.Evid. 701. The Court understands that this evidence will be limited to one patient over a two day period.

Defendant's Motion in Limine to Exclude Evidence of 14 Day Proposed Suspension (doc. no. 58)

Defendant's motion is GRANTED. The Court agrees with defendant that this incident is not within the scope of the claims made in plaintiff's third amended complaint and that an EEOC claim is pending with regard thereto. Evidence of the proposed 14 day suspension will therefore be excluded.

Defendant's Motion in Limine to Exclude Evidence of Previously Litigated and Settled Issues (doc. no. 60)

Defendant's motion is GRANTED in part and DENIED in part, consistent with the Court's rulings on the motions in limine at (docs. no. 49 and 51). That is, to the extent the evidence pertains to the prior Title VII claim and settlement, it is admissible, but not evidence as it pertains to the whistle blower claim.

Defendant's Motion in Limine to Exclude Legal Conclusion from Plaintiff's Art Therapist (doc. no. 62)

Defendant's Motion is GRANTED. Plaintiff does not intend to elicit an opinion from her expert witness regarding a "hostile work environment," and she will therefore be precluded from doing so.

**SO ORDERED** this 14th day of March, 2009.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record as listed below